## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Diane Marie Johnson, | |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Professional Debt Mediation, Inc., and Michelle Bailey, | |
| Defendants. | **JURY TRIAL DEMANDED** |

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.    Plaintiff Diane Marie Johnson ("Plaintiff") is a natural person who resides in the City of White Bear Lake, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Professional Debt Mediation, Inc., (hereinafter "Defendant PDM") is a collection agency operating from an address of 7948 Baymeadows Way 2nd Floor, Jacksonville, FL 32256 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant Michelle Bailey (hereinafter "Defendant Bailey") is a natural person who was employed at all times relevant herein by Defendant PDM as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.    On or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

### *Collection Call Number One*

9.     On or about June 24, 2009, Defendant PDM's collector, Defendant Bailey, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.    During this call, Defendant Bailey left a voice mail threatening that the situation would be "escalating" if Plaintiff did not return the phone call to 888-676-9872 ext. 1080.

11.    This call was intended to create a false sense of urgency in Plaintiff to get her to call this Defendant back in order to collect this consumer debt.

12.    Defendant Bailey failed to provide the notices required by 15 U.S.C. § 1692e(11).

13.    This collection communication was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Collection Call Number Two*

14.    On or about June 24, 2009, Defendant PDM's collector, Defendant Bailey, again contacted Plaintiff by telephone in an effort to collect this debt, which

was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. Defendant Bailey falsely stated in this message that a civil suit had been filed against Plaintiff.

16. Despite such a statement, no suit has ever been filed on this debt.

17. This call was intended to create a false sense of urgency in Plaintiff to get her to call this Defendant back to collect this consumer debt.

18. Defendant Bailey failed to provide the notices required by 15 U.S.C. § 1692e(11).

19. This collection communication was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

***Collection Call Number Three***

20. On or about June 24, 2009, Defendant PDM's collector, Defendant Bailey, again contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21.   Defendant Bailey falsely stated in this message that it involved Plaintiff's social security number and that Plaintiff had to call her back before the situation escalated.

22.   This call was intended to create a false sense of urgency in Plaintiff to get her to call this Defendant back to collect this consumer debt.

23.   Defendant Bailey failed to provide the notices required by 15 U.S.C. § 1692e(11).

24.   This collection communication was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### Collection Call Number Four

25.   On or about June 26, 2009, Defendant PDM's collector, Defendant Bailey, again contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26.   Defendant Bailey again falsely stated in this message that a civil suit had been filed against Plaintiff.

27.   Despite such a statement, no suit has ever been filed on this debt.

28.    This call was intended to create a false sense of urgency in Plaintiff to get her to call this Defendant back to collect this consumer debt.

29.    Defendant Bailey failed to provide the notices required by 15 U.S.C. § 1692e(11).

30.    This collection communication was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Respondeat Superior Liability*

31.    The acts and omissions of Defendant Bailey, and the other debt collectors employed as agents by Defendant PDM who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant PDM.

32.    The acts and omissions by Defendant Bailey and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant PDM in collecting consumer debts.

33.    By committing these acts and omissions against Plaintiff, Defendant Bailey and these other debt collectors were motivated to benefit their principal, Defendant PDM.

34.   Defendant PDM is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

35.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

36.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.   The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

38.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- and, for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 23, 2010 **BARRY & SLADE, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-1773
Telephone:  (612) 379-8800
pbarry@lawpoint.com

pfb/ra **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA             )
                                       ) ss

COUNTY OF HENNEPIN         )

       Plaintiff Diane Marie Johnson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Diane Marie Johnson

Subscribed and sworn to before me
this 23rd day of April, 2010.

Notary Public

PETER FRANCIS BARRY
Notary Public-Minnesota
My Commission Expires Jan 31, 2015